# JOHN H. McBRIDE

## v.

# MARY P. GRIFFIN.

EVIDENCE—*of communications between parties.* In an action to recover for the board of the defendant and his hired hands, it is competent for the defendant to prove a communication from him to the plaintiff, in respect to the board of such of his hands as might fail to work for him.

APPEAL from the Circuit Court of Clay county; the Hon. R. S. CANBY, Judge, presiding.

This was an action of assumpsit, brought by Mary P. Griffin against John H. McBride.

The action was brought upon an account for the board of the defendant, and his hired hands who were working upon a

bridge which the defendant was engaged in building. On the trial the defendant called a witness named Rughti, who was his foreman on the work during the absence of the defendant, and asked him to state a communication he made to the plaintiff from the defendant, respecting those persons who failed to work for a day or two, or longer, for the defendant. On the objection of the plaintiff, the court ruled that the question should not be answered, and the defendant excepted.

The trial resulting in a judgment in favor of the plaintiff, the defendant appealed.

Mr. G. W. Henry, for the appellant.

Mr. W. Stoker, for the appellee.

Per Curiam : A judgment was rendered against appellant, below, for $124.19.

According to the testimony of appellee, unchanged by any other evidence in her favor, her account was $332.65; and the payment made to her amounted to $223.26. The largest amount for which judgment could have been rendered, was $108.69. The judgment is therefore erroneous.

There was also error in refusing to hear the communication, from appellant to appellee, through the foreman of the former, in relation to the board of certain persons, who might fail to work for appellant.

The communication and reply might not have been material, but the relevancy could not be determined without the admission of the evidence.

The controversy was in regard to the board of certain persons. If the communication elicited a reply, it was proper that the jury should have heard both, and considered them, under the instructions of the court.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*